UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRACY DUHON, ET AL.**                                       **CIVIL ACTION**

**VERSUS**                                       **No. 09-1855 C/W 09-3081**
                                                 **C/W 09-3671 & C/W 09-4492**

**STEWART & STEVENSON, LLC, ET AL.**                   **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] for summary judgment filed by defendant, Apache Corporation ("Apache"). Apache contends that it is immune from tort liability by virtue of Louisiana workers' compensation laws. Plaintiffs oppose[2] the motion. For the following reasons, Apache's motion for summary judgment is **GRANTED**.

### BACKGROUND

This litigation arises out of an industrial/land based drilling accident which occurred on or about January 10, 2009 in Lafourche Parish, Louisiana.[3] Plaintiffs sustained injuries when the land rig upon which they were working allegedly collapsed or otherwise failed.[4] At the time of the incident, all of the plaintiffs[5] were employees of Key Energy Services, LLC ("Key

---

[1] R. Doc. No. 141.
[2] R. Doc. Nos. 143, 147.
[3] R. Doc. No. 147, p.1.
[4] Id.
[5] One of the plaintiffs, Amanda McGee, is married to plaintiff, Damien McGee, and, as such, her claims for loss of consortium are derivative of her husband's claim. See R. Doc. No. 141-6; see also Ferrell v. Fireman's Fund Ins. Co., 696 So.2d 569 (La. 1997) (holding as a matter of law that loss of consortium claims are derivative of the primary victim's injuries).

1

Energy").[6]  Apache owned the well location at which the accident occurred and had contracted Key Energy to provide a variety of services at the site.[7]

## *STANDARD OF LAW*

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).  Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party responding to the motion for summary judgment may

---

[6] R. Doc. No. 147, p.1.
[7] R. Doc. No. 141-6, p.3.

not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## *DISCUSSION*

Apache asserts that it is entitled to summary judgment because plaintiffs' exclusive remedy is under the Workers' Compensation Act,[8] which provides that an employee may not sue his employer or any "principal" in tort. See La. Rev. Stat. § 23:1032.[9] Louisiana law provides that:

> [W]hen any "principal" … undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor," for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him."

La. Rev. Stat. § 23:1061(A)(1). The statute indicates that work shall be considered part of the principal's trade if it is "an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

Section 23:1061 also provides that when a contract recognizes the existence of a statutory employer relationship, "there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory

---

[8] The parties do not dispute that Louisiana law applies to the instant matter.
[9] The determination of whether a party is a "principal" that qualifies for tort immunity as a statutory employer is a question of law. See Maddox v. Superior Steel, 814 So.2d 569, 572 (La. App. 1 Cir. 9/28/01).

3

employees." Id. at (A)(3). The "presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." Id.

Exhibit E of the Master Service Contract ("MSC") between Apache and Key Energy, dated December 4, 2007, expressly recognizes that Apache shall be considered a "statutory employer" within the meaning of § 23:1061.[10] Furthermore, Exhibit E plainly states that the work performed by Key Energy is an integral part of and is essential to the ability of Apache to generate Apache's goods, products, or services.[11] In pertinent part, Exhibit E provides that:

> In all cases where Contractor's employees (defined for the purposes of this paragraph to include any Contractor Personnel or any direct, borrowed, special or statutory employees of any member of Contractor Group) are covered by the Louisiana Workers Compensation Act, La. Rev. State. [sic] §§ 23:1021, et seq., Company and Contractor acknowledge and agree that all Work and operations performed by Contractor and its subcontractors and their employees pursuant to this Contract are an Integral part of and are essential to the ability of Company to generate Company's good [sic], products or services. Without limiting any of the provisions set forth in the Contract, Company and Contractor agree that Company is and shall be deemed to be a statutory employer of Contractor's employees and its subcontractor's employees for the sole purposes of La. Rev. Stat. § 23-1061(A)(3), as the same may be amended from time to time.[12]

Louisiana law governs the interpretation of the contract. La. Civ. Code Ann. art. 3537. Under Louisiana law, the interpretation of the contract is the "determination of the common intent of the parties," and unless the written expression of the parties is ambiguous, parol or extrinsic evidence is generally inadmissible. E.R. Campbell v. Melton, 817 So. 2d 69, 75 (La. 2002); see La. Civ. Code Ann. art. 2045. The Court finds that the contract between Apache and Key Energy expressly and unambiguously recognizes the existence of a statutory employer

---

[10] R. Doc. No. 141-12, p. 14.
[11] Id.
[12] Id.

4

relationship pursuant to § 23:1061. Therefore, there exists a rebuttable presumption of a statutory employer relationship that may only be overcome by showing that the work performed by Key Energy is not an integral part of Apache's work. La. Rev. Stat. § 23:1061(A)(3).

Plaintiffs offer no evidence to show that Key Energy performed for Apache pursuant to the contract is not an integral part of Apache's work. Instead, plaintiffs make two alternative arguments to show that summary judgment in favor of Apache is not warranted.

Plaintiffs' first argument contests the validity of Exhibit E. Plaintiff asserts that "there exists a factual dispute between the parties with respect to whether the cited Exhibit was made part of the cited December 4, 2007 Master Service Contract, or was ever intended to be a part thereof."[13] Plaintiffs claim that the MSC never references Exhibit E in the main body of the contract. Plaintiffs also claim that "[w]hile other exhibits purportedly attached to the December 4, 2007 contract are dated, Exhibit E is not."[14] Further, plaintiffs claim that the language of Exhibit E conflicts with provisions of the MSC. Specifically, plaintiffs point to paragraph 7 of the MSC, which provides:

> INDEPENDENT CONTRACTOR. Contractor shall be and perform at all times as an independent contractor and neither Contractor nor any Contractor Personnel shall be deemed to be subject to the control or direction of Company as to the details of the Work, Company being interested only in the compliance of the Work with the job order. Company shall be entitled to make such inspections as may be necessary in furtherance of its interest and to determine that the Work is being performed in accordance with the job order.[15]

Plaintiff's first argument is misplaced. While it is true that Exhibit E is undated, Exhibits A, B, and C are similarly undated. Only Exhibit D contains its own date and signature blocks.

---

[13] R. Doc. No. 147, p.3.
[14] Id.
[15] R. Doc. No. 141-12, p.1.

Furthermore, the MSC does reference Exhibit E in paragraph 12(b). [16] The fact that specific references to all the exhibits appear in the main body of the MSC[17] shows no ambiguity as to the parties' intent: Apache and Key Energy intended to incorporate the provisions enumerated in the dated and undated exhibits attached to the MSC.

With regard to plaintiffs' assertion that the language set forth in Exhibit E and paragraph 7 conflict, the Court finds no conflict. Exhibit E merely states that to the extent any of Key Energy's employees are covered by the Louisiana Workers Compensation Act, two additional conditions apply: (1) the work that Key Energy is contracted to perform is an integral part of Apache's business; and (2) Apache is deemed to be the statutory employer of those workers for the sole purposes of § 23:1061. Neither of these conditions conflicts with paragraph 7, which states that Key Energy is and operates as an independent contractor.

Plaintiffs' second argument is that because Apache's alleged negligence occurred before plaintiffs arrived on the worksite, it does not constitute "work" as contemplated by §§ 23:1032 and 23:1061. "In other words, the construction of the pad/foundation at issue was indisputably not 'work and operations performed by [Key Energy] and its subcontractors and their employees pursuant to this contract.' As such, the work/conduct/negligence of Apache alleged by Plaintiffs in the present case simply does not fall within the contractual provisions cited by Apache…."[18]

Plaintiffs have misinterpreted "work," as contemplated by §§ 23:1032 and 23:1061, as well as the MSC. Section 23:1061[19] and, by extension, the Master Services Contract,[20] refer to

---

[16] "Except as expressly provided in Exhibit E, hereof, the Party's [sic] agree that there shall be not charge by either party for any additional costs incurred as a result of naming the other party and such other party's "Group" as additional insureds." R. Doc. No. 141-12, p.4.

[17] Exhibit A is referenced in paragraph 10(a). Id. at p.2. Exhibit B is referenced in paragraphs 12(a) and (b). Id. at p.4. Exhibit C is referenced in paragraph 13. Id. Exhibit D is referenced in paragraph 14. Id. at p.5.

[18] R. Doc. No. 147, p.5 (brackets in original).

[19] "[W]hen any 'principal' as defined in R.S. 23:1032(A)(2), undertakes to execute any work…." La. Rev. State. § 23:1061(A)(1).

the work undertaken by the principal, as defined in § 23:1032(A)(2): "the word 'principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." La. Rev. Stat. § 23:1032. The "work" referred to in the statute is not the cause of the injury. Rather, the "work" is the project on which the employer is engaged at the time of the injury. Here, that "work" would be the project for which Key Energy was contracted to provide services.

In considering whether §§ 23:1032 and 23:1061 apply, courts have specifically looked to the time of the injury to determine whether the principal was the injured worker's statutory employer. See e.g., Boucher v. Graphic Packaging Intern. Inc., 281 Fed.Appx. 306, 309 (5th Cir. June 5, 2008) (finding that defendant was not a statutory employer because the agreement for services was not formalized until two days after the accident); Ernest v. Petroleum Service Corp., 868 So. 2d 96, 99 (La. App. 1 Cir. 11/19/03) (finding that at the time of the accident, there was nothing in the contract establishing defendant as the statutory employer). Plaintiffs' suggestion that the Court should look to the statutory employer status of the principal at the time of the alleged negligence instead of the time of the injury is unsupported by the plain language of the statute and the relevant caselaw.[21]

At the time of the injury, the MSC and its exhibits had been in force for more than two years and Exhibit E contains language unambiguously recognizing the existence of a statutory

---

[20] "Company and Contractor agree that Company is and shall be deemed to be a statutory employer…for the sole purposes of La. Rev. Stat. § 23-1061(A)(3)…." R. Doc. No. 141-12, p.14.

[21] In opposing Apache's motion, plaintiffs only distinguish Apache's citation of Allen v. State ex rel. Ernest N. Moriel – New Orleans Exhibition Hall Authority, 842 So. 2d 373 (La. 2003). Apache does not dispute that a two contract defense is not applicable here. R. Doc. No. 156, p.6; see also Joseph v. Shell Chemical Co., 2009 WL 1789422 *5 (E.D. La. June 23, 3009) ("[I]n order to raise the two contract defense, a defendant must establish only that: (1) it entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the defendant to fulfill its contractual obligation to perform the work, the defendant entered into a subcontract for all or part of the work performed.") (quoting Allen, 842 So.2d at 383). However, plaintiffs offer no support for their posited interpretation of the applicable statutes.

employer relationship. Because plaintiff has failed to establish an outstanding genuine issue of material fact as to the existence of this relationship, the Court finds that Apache is a statutory employer. Therefore, plaintiffs' exclusive remedy is under the Workers' Compensation Act, which immunizes Apache from the tort liability asserted in this lawsuit.

## *CONCLUSION*

Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment is **GRANTED** and that plaintiffs' claims against Apache Corporation are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 22, 2010.

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**